**jackson|lewis.**

Representing Management Exclusively in Workplace Law and Related Litigation

425 Walnut Street
Suite 2300
Cincinnati, Ohio 45202
Tel 513 621-3440
Fax 513 621-4449
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

MY DIRECT DIAL IS: 513-873-2103
MY EMAIL ADDRESS IS: GARY.GREENBERG@JACKSONLEWIS.COM

November 10, 2017

**VIA E-MAIL & U.S. MAIL**

Trustees, Ohio Operating Engineers Pension Fund
c/o Brian C. Barch, In-house Counsel
1180 Dublin Road
PO Box 12009
Columbus, OH 43212-0009

   RE: Sofco Erectors, Inc. - Request for Review of Withdrawal Liability Assessment
      dated August 31, 2017

To the Trustees:

  This is the Request for Review by Sofco Erectors, Inc. ("Company") of the Ohio Operating Engineers Pension Fund ("Fund") assessment of withdrawal liability issued to the Company on August 31, 2017, pursuant to 29 U.S.C. § 1399(b)(2)(A).

## I. INTRODUCTION

  The Company disputes the assessments in their entirety, for these reasons:

1. The Fund's assessment of complete withdrawal liability is contrary to 29 U.S.C. § 1383(b)(1), the special exception for construction industry employers and plans.[1] Because the Company has not continued or resumed performing work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously (as of April 30, 2017) required, there has been no complete withdrawal for which liability may be assessed.

2. The Fund's assessments of partial withdrawal liability are contrary to 29 U.S.C. § 1388(d)(1). During the years in question, the Company's obligation to contribute to the Plan were for "more than an insubstantial portion of its work in the craft and area jurisdiction of the collective bargaining agreement of the type of which contribution [were] required." Accordingly, there were no partial withdrawals for which liability may be assessed.

---

[1] The Company understands that there is no dispute that it is a construction industry employer, and the Fund's Plan is a construction industry plan, for purposes of 29 U.S.C. § 1383(b)(1), the construction industry exception.



Trustees, Ohio Operating
Engineers Pension Fund
November 10, 2017
Page 2

## II. BACKGROUND

These background facts are taken from the Affidavit of John Hesford (attached as Exhibit 1) and the Fund's Withdrawal Liability Assessment dated August 31, 2017.

The Company began operations on April 1, 2004, when it purchased the assets of its predecessor. The Company was a party to a series of collective bargaining agreements with the International Union of Operating Engineers, Local 18 ("Local 18") the last of which was effective from May 8, 2013 through April 30, 2017 ("CBA"). In accordance with these collective bargaining agreements, the Company made the required contributions for hours worked by employees within the craft and geographic jurisdiction of these agreements through April 30, 2017.

The Company terminated the CBA and its relationship with Local 18 effective April 30, 2017. Since then, all of the Company's on-site construction work has been performed by the following, and no others: (a) Company employees covered by its collective bargaining agreements with Iron Workers Local Nos. 44, 172 and 180; (b) crane operators covered by the CBA and its successors, and employed by crane leasing companies that have contracted with the Company to provide cranes and crane operators for these projects; and (c) licensed surveyors to establish building lines for precast installations (nothing more). All of the crane leasing companies that contract with the Company for work in Local 18's jurisdiction make the required payments to the Fund for the crane operators assigned to these projects.

In a letter dated August 31, 2017, the Fund assessed the Company for withdrawal liability as follows:

- Complete withdrawal liability for the Plan year ending July 31, 2017, in the amount of $368,315 ($605,591 less credit for partial withdrawals).

- Partial withdrawal liability for the Plan year ending July 31, 2011 in the amount of $344,627, based on finding that the ratio of hours to maximum average contribution base units ("CBUs") during a 3 year testing cycle were as follows:

    * 2011 – 9%
    * 2010 – 4%
    * 2009 – 13%

- Partial withdrawal liability for the Plan year ending July 31, 2012 in the amount of $111,358, based on finding that the ratio of hours to maximum average CBUs during a 3 year testing cycle were as follows:

Trustees, Ohio Operating
Engineers Pension Fund

November 10, 2017
Page 3

# jackson|lewis
Attorneys at Law

      * 2012 – 18%
      * 2011 – 9%
      * 2010 – 4%

- Partial withdrawal liability for the Plan year ending July 31, 2013 in the amount of $0 (after application of prior partial withdrawals), based on finding the ratio of hours to maximum average CBUs during a 3 year testing period were as follows:

      * 2013 – 28%
      * 2012 – 18%
      * 2011 – 9%

   The Fund's assessment letter does not explain why it used the statutory "70% decline" formula, which does not apply to construction industry employers/plans, to find partial withdrawal, nor why it did not apply the "insubstantial portion" provision in 29 U.S.C. § 1388(d)(1), which does apply. Moreover, the Fund's letter does not explain why the construction industry exception to complete withdrawal liability does not apply here, given that Company employees have not continued or resumed work within Local 18's jurisdiction since April 30, 2017.

   In an email to Fund in-house counsel, Bryan Barch, dated October 23, 2017, Company counsel asked for "documentation in the Fund's possession that confirms, supports or explains the Fund's application of the [70% decline] formula to the Company. . . ." In the same email, Company counsel asked for "documents in the Fund's possession that confirms, supports or explains [the Fund's] findings and conclusion [that the Company continued or resumed work within the craft and geographic jurisdiction of Local 18]." The only response received to date was on November 1, 2017, from the Fund's outside counsel stating that he would have to review the file in more depth before responding on these issues. A copy of this email exchange is attached as Exhibit 2.

### III.  THERE HAS BEEN NO COMPLETE WITHDRAWAL

  A. The CBA did not obligate the Company to make pension contributions for subcontractors; therefore, use of subcontractors for work formerly performed by the Company's Local 18 employees is not grounds for imposing withdrawal liability.

   "[T]here is no withdrawal [as a result of subcontracting] unless the [construction] employer would have been obligated to make contributions for work performed by subcontractors under the terminated agreement. If contributions would not have been required, there would be no withdrawal, because the employer would not be continuing to perform work of the type for which contributions were previously required." PBGC Opinion Letter 85-5.

Trustees, Ohio Operating
Engineers Pension Fund

November 10, 2017
Page 4

**jackson|lewis**
Attorneys at Law

While the CBA, in Art. XIII, Sect. 117,, states that "all subcontractors shall be subject to the terms and provisions of this Agreement as it relates Operating Engineers", neither this nor any other provision of the CBA expressly imposes liability on the Company if the subcontractor fails to make the required payments. Accordingly, the construction industry exception applies, as the Company is not "continuing to perform work of the type for which contributions were previously required".

  B. All of the subcontracted crane operators are covered by the CBA and its successor, and their employers make the required payments to the Fund; therefore, use of these subcontractors is not grounds for imposing withdrawal liability.

In enacting the Multi-Employer Pension Plan Act in 1980, Congress recognized that the withdrawal of a single construction employer from a construction industry plan does not reduce the contribution base if "other signatory employers take up the slack." *H.C. Elliott, Inc. v. Carpenters Pension Trust Fund for Northern California*, 859 F. 2d 808, 812 (1988).

Here, other signatory employers have taken up the slack. This is the opposite of what occurred in *Oregon-Washington Carpenters-Employers Pension Trust Fund v. BQC Construction Inc. Hardware Service*, 485 F. Supp. 2d 1206 (2007), where the court imposed withdrawal because the construction employer subcontracted to **non-union** carpenters:

> "Boden could have avoided withdrawal liability by subcontracting to a union employer who would make contributions to the Plan, thereby taking up the slack created by Boden. Because Boden did not subcontract to a union employer, the problem of unfunded vested benefits belongs to Boden, and Boden is liable."

*Id* at p. 1216.

Because the Company subcontracts only to Local 18 employers, it is **not** liable for withdrawal.

**IV.** **THERE WAS NO PARTIAL WITHDRAWAL BECAUSE THE WORK CONTINUED DURING THE YEARS IN QUESTION FOR MORE THAN AN INSUBSTANTIAL PORTION OF THE COMPANY'S WORK IN THE UNION'S JURISDICTION**

29 U.S.C. § 1388(d)(1) states: "An employer to whom section 1383(b) of this title (relating to the building and construction industry) applies is liable for a partial withdrawal **only** if the employer's obligation to contribute under the plan is continued for no more than an **insubstantial portion** of its work in the craft and area jurisdiction of the collective bargaining agreement of the type for which contributions are required." (Emphasis added.)


Attorneys at Law

"Insubstantial portion" is not defined in the statute, nor has it been defined by the PBGC. In fact, the PBGC punted on the issue. PBGC Opinion Letter 95-2. Nor does there appear to be any case law defining the term for purposes of this provision.

However, "insubstantial portion" must mean a decline in contributions greater than the "70% decline" formula set forth in the provision applicable outside the construction industry; why else have a separate provision? And it must mean a portion that is close to zero. See Definition of "Insubstantial" in Merriam Webster dictionary: "not substantial: such as a: lacking substance or material nature b: lacking firmness or solidity: FLIMSY."

The IRS definition of "insubstantial" for purposes of charitable contribution reporting is instructive:

> "Token Exception – Insubstantial goods or services a charitable organization provides in exchange for a contribution do not have to be described in the acknowledgment [to the donor]. Goods and services are considered to be insubstantial if . . . 1. the fair market value of the benefits received does not exceed the lesser of 2 percent of the payment or $106,* or 2. the payment is at least $53,* the only items provided bear the organization's name or logo . . . and the cost of these items is within the limit for 'low-cost articles', which is $10.60.*
>
> *The dollar amounts are for 2016. Guideline amounts are adjusted for inflation."

IRS Publication 1771, "Charitable Contributions, Substantiation and Disclosure Requirements."

The IRS defines "insubstantial" to mean 2% or less, which is consistent with the dictionary definition. The Company's contribution ratios during the years in question were 13%, 4%, 9%, 18% and 28%, all above, and all but one well above, 2%. This was "more than insubstantial" during all of the 3 year measurement periods. Accordingly, there were no partial withdrawals for which liability may be assessed.

## V. CONCLUSION

For the reasons stated above, the Company requests that the Fund overturn and cancel the assessments of withdrawal liability in their entirety and return to the Company the payments already made.[2]

---

[2] The Company may supplement this Request for Review before the 90-day limitation period expires if the actuarial consultant retained by the Company advises that the Fund's actuary over-stated what is owed due to erroneous calculations. Of course, such supplement would be moot if the assessments are overturned in their entirely.

Trustees, Ohio Operating
Engineers Pension Fund

November 10, 2017
Page 6



Respectfully submitted,

Gary L. Greenberg
Attorney for Sofco Erectors, Inc.

GLG/dlc
Enclosures

Cc: (Via email and U.S. Mail)
Daniel J. Clark
Alan Kinzer
Vorys, Sater, Seymour and Pease LLP
Outside Counsel for the Fund

4840-5678-4468, v. 1

IN THE MATTER OF:

OHIO OPERATING ENGINEERS
PENSION FUND

And                                              AFFIDAVIT OF JOHN HESFORD

SOFCO ERECTORS, INC.

_____

STATE OF OHIO          )
                              ) ss.
COUNTY OF HAMILTON  )

      1.      My name is John Hesford. I am President of Sofco Erectors, Inc. (the "Company"), 10360 Wayne Ave, Cincinnati, Ohio 45215. The Company began operations on April 1, 2004, when it purchased the assets of its predecessor.

      2.      The Company was a party to a series of collective bargaining agreements with the International Union of Operating Engineers, Local 18 ("Local 18"), the last of which was effective from May 8, 2013 through April 30, 2017 ("CBA").

      3.      The Company terminated the CBA and its relationship with Local 18 effective April 30, 2017; Local 18 has not disputed this.

      4.      At all times since termination of the CBA, all construction and related work performed on customers' premises by the Company ("on-site work") within the geographic jurisdiction of the CBA has been limited to a) employees of the Company who are covered by the Company's collective bargaining agreements with Iron Workers Local Nos. 44, 172 and 290, b)



crane operators covered by the CBA and its successor, and employed by crane leasing companies that have contracted with the Company to provide cranes and crane operators for these projects, and c) licensed surveyors to establish building lines for precast installations (nothing more).

5. At all times since termination of the CBA, the Company has employed no non-union employees or subcontractors to perform on-site work within the geographic jurisdiction of the CBA, other than the licensed surveyors referenced in paragraph 4 above.

6. Attached as Exhibit A is a complete list of all of the crane leasing companies that the Company has contracted with since termination of the CBA for performance of on-site work within the geographic jurisdiction of the CBA.

7. Attached as Exhibit B – E are letters from the companies listed on Exhibit A that confirm each a) exclusively employs Local 18 operators to run cranes in Local 18's jurisdiction and b) pays into the appropriate fringe benefit funds in accordance with the Local 18 Collective Bargaining Agreement for each hour worked.

I swear and affirm that this Affidavit is true and accurate to the best of my knowledge, and is based on my personal knowledge.

Further Affiant sayeth not.

November 10, 2017

John Hesford

Subscribed and sworn to before me this 10 day of November, 2017.

Caroline Riley

Hamilton County, Ohio
My Commission Expires: 11/1/2020
Acting in Hamilton County, Ohio
4844-1580-5779, v. 1

CAROLINE JEAN RILEY
NOTARY PUBLIC
IN AND FOR THE
STATE OF OHIO
MY COMMISSION EXPIRES
NOVEMBER 1, 2020

2

**EXHIBIT A**

Following are all of the crane leasing companies contracted by Sofco Erectors, Inc. ("Company") since April 30, 2017, to provide cranes and crane operators for on-site work within the jurisdiction of the Company's 2013-2017 collective bargaining agreement with IUOE Local 18.

Tri-State Crane & Rigging Service
4838 Spring Grove Ave
Cincinnati, OH 45232

Capital City Crane
2299 Performance Way
Columbus, OH 43207

Gould & Smith Crane Rental
8205 Farwick Court
Cincinnati, OH 45249

Maxim Crane Works
840 Licking Pike
Wilder, KY 41076

4844-1580-5779, v. 1



P.O. Box 308
Newport, KY 41072
phone: 859.441.7400
fax: 859.442.6201
www.maximcrane.com

November 1, 2017

To Whom It May Concern,

Maxim Crane Works, L.P. employs Operating Engineers Local 18 operators to run cranes on all Sofco Erectors Inc. jobsites within the jurisdiction of Local 18. For each hour worked, we pay into the appropriate fringe benefit funds in accordance with the Local 18 Collective Bargaining Agreement.

Boyd K. Vogt, Jr
Regional Credit Manager
Maxim Crane Works, L.P.

EXHIBIT B

**Whatever it takes.**



## Tri-State Crane & Rigging Service

4838 Spring Grove Avenue
Cincinnati, OH 45232
Office: (513)-541-9992
Fax: (513)-541-3395

November 2, 2017

To Whom It May Concern,

Tri-State Crane Rental exclusively employs Operating Engineers Local 18 operators to run cranes in the jurisdiction of Local 18. For each hour worked, we pay into the appropriate fringe benefit funds in accordance with the Local 18 Collective Bargaining Agreement.

[signature]

EXHIBIT C



October 18, 2017

To Whom it May Concern,

Capital City Crane Company exclusively employs Operating Engineers Local 18 operators to run cranes in the jurisdiction of Local 18. For each hour worked, we pay into the appropriate fringe benefit funds in accordance with the Local 18 Collective Bargaining Agreement.

Brian Gibson

President & CEO



2299 Performance Way · Columbus, Ohio 43207 · 614.278.2120 · Fax 614.278.2184
www.ccgroup-inc.com



## CRANE RENTAL INC.

8205 FARWICK COURT ■ CINCINNATI, OHIO 45249 ■ 513-489-2050 ■ FAX 513-489-1873

### 24 HOURS SERVICE

November 1, 2017

To Whom It May Concern,

Gould & Smith Crane Rental exclusively employs Operating Engineers Local 18 operators to run cranes in the jurisdiction of Local 18. For each hour worked, we pay into the appropriate fringe benefit funds in accordance with the Local 18 Collective Bargaining Agreement.

James Smith, President
Gould & Smith Crane Rental, Inc.

**EXHIBIT E**

CRANE RENTAL ■ TRUCKING ■ STORAGE

### Greenberg, Gary L. (Cincinnati)

| | |
|---|---|
| **From:** | Clark, Daniel J. <djclark@vorys.com> |
| **Sent:** | Wednesday, November 01, 2017 5:27 PM |
| **To:** | Greenberg, Gary L. (Cincinnati); Kinzer, Allen S. |
| **Cc:** | Baron, Peggy M. |
| **Subject:** | RE: Sofco Erectors, Inc. - Ohio Operating Engineers Pension Fund Demand for Payment of Alleged Partial and Complete Withdrawal Liability dated August 31, 2017 |

Gary-

Yes, this file has been transferred to us. We are just getting our hands around it, so I do not have all the answers for you, but I did not want to ignore you either. I will address your points from your October 23, 2017 email to Bryan Barch in turn.

1. I believe that the August 29 correspondence included all of the information from the Fund's actuaries necessary for Libman Actuarial to review. Are there specific questions the Libman has or pieces of information that they need?

2. The Pension Fund has not adopted its own procedures for withdrawal liability matters. They operate according to the statute and applicable regulations.

3 and 4. I am going to have to review the file in more depth before responding to you on these issues.

Dan



**Daniel J. Clark**
Partner

Vorys, Sater, Seymour and Pease LLP
52 East Gay Street | Columbus, Ohio
43215

Direct: 614.464.6436
Fax: 614.719.4650
Email: djclark@vorys.com
www.vorys.com

---

**From:** Greenberg, Gary L. (Cincinnati) [mailto:Gary.Greenberg@Jacksonlewis.com]
**Sent:** Tuesday, October 31, 2017 1:26 PM
**To:** Clark, Daniel J.; Kinzer, Allen S.
**Subject:** FW: Sofco Erectors, Inc. - Ohio Operating Engineers Pension Fund Demand for Payment of Alleged Partial and Complete Withdrawal Liability dated August 31, 2017

Gentlemen-

Ohio Operating Engineers Pension Fund in-house counsel Bryan Barch informed me yesterday that you now represent the Fund in this matter. On October 23, 2017, I sent the e-mail below to Mr. Barch. I have yet to receive a response.



EXHIBIT 2

1

Please let me know right away whether our actuarial consultant may communicate directly with the Fund's actuaries at Segal Consulting about their calculations and assumptions.

Also, let me know as soon as possible when I will receive a response to my substantive questions and information requests.

Gary Greenberg
Attorney for Sofco Erectors, Inc.


**Gary L. Greenberg**
Attorney at Law
**Jackson Lewis P.C.**
425 Walnut Street
Suite 2300
Cincinnati, OH 45202
Direct: (513) 873-2103 | Main: (513) 621-3440
Gary.Greenberg@Jacksonlewis.com | www.jacksonlewis.com
*Jackson Lewis P.C. is included in the AmLaw 100 law firm ranking and is a proud member of the CEO Action for Diversity and Inclusion initiative*


**From:** Greenberg, Gary L. (Cincinnati)
**Sent:** Monday, October 23, 2017 11:14 AM
**To:** Bryan Barch <BryanBarch@ooefbp.com>
**Subject:** Sofco Erectors, Inc. - Ohio Operating Engineers Pension Fund Demand for Payment of Alleged Partial and Complete Withdrawal Liability dated August 31, 2017

Mr. Barch-

Thank you for sending me the Acceptance of Agreement by Sofco Erectors, Inc. ("Company') dated 10-3-11, the 2010-13 and 2013-17 collective bargaining agreements, the Pension Trust Agreement and Pension Plan. I have these follow-up questions:

-We have retained the Libman Actuarial Group of Cleveland, Ohio to consult with us on the calculations and assumptions. May our consultant communicate directly with the Fund's actuaries at Segal Consulting for this purpose?

-I note that Section 16 of the Pension Plan, which governs withdrawal liability, does not include any dispute resolution requirements. Accordingly, we assume that the Fund has no requirements for resolution of disputes over withdrawal liability assessments, aside from what is required by the applicable provisions of ERISA. If this assumption is incorrect, please let me know immediately and provide the Fund's requirements.

-The actuary's calculation letter dated August 29, 2017 correctly cites Section 4208(d)1 as the provision that governs assessment of partial withdrawal liability in the construction industry; such liability may be assessed only when work continues for an "insubstantial portion" of the employer's work in the jurisdiction of the collective bargaining agreement. But the calculations of partial withdrawal liability are based entirely on application of the 70% decline provision in Section 4205(b)(1), which does not apply to the construction industry. Please provide any documentation in the Fund's possession that confirms, supports or explains the Fund's application of the 4205(b)(1) formula to the Company, including without limitation policies, resolutions and precedents.

2

"As you know, in accordance with ERISA's construction industry exemption, complete withdrawal liability may only be assessed against the Company if it continued to perform or resumed the same work performed by bargaining unit employees within the craft and geographic jurisdiction of the collective bargaining agreement. Since expiration of the 2017 agreement, no Company employee has performed any such work, based on our understanding of the craft and geographic jurisdiction of the expired agreement. We assume that the Fund found and concluded that the Company continued or resumed such work following expiration. Please provide the specifics upon which this finding and conclusion was based, including what work the Fund believes has been performed by the Company within the jurisdiction of the agreement since expiration, and by whom. Also, please provide any documentation in the Fund's possession that confirms, supports or explains this finding and conclusion, including without limitation policies, resolutions and precedents.

The Company is making the installment payments in accordance with the Demand for Payment. In doing so, the Company is not admitting that the assessments are valid.

Thank you for your attention to this.

Gary Greenberg
Attorney for Sofco Erectors, Inc.

**Gary L. Greenberg**

Attorney at Law

**Jackson Lewis P.C.**

425 Walnut Street
Suite 2300

Cincinnati, OH 45202

Direct: (513) 873-2103 | Main: (513) 621-3440

Gary.Greenberg@Jacksonlewis.com | www.jacksonlewis.com

***Jackson Lewis P.C. is included in the AmLaw 100 law firm ranking and is a proud member of the CEO Action for Diversity and Inclusion initiative***

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

From the law offices of Vorys, Sater, Seymour and Pease LLP.

CONFIDENTIALITY NOTICE: This e-mail message may contain confidential and/or
privileged material. Any unauthorized review, use, disclosure or
distribution is prohibited. If you are not the intended recipient, please
contact the sender by reply e-mail and destroy all copies of the original
message. If you are the intended recipient but do not wish to receive
communications through this medium, please so advise the sender immediately.