**EXHIBIT G**

Pension Benefit Guaranty Corporation

95-2

August 18, 1995

REFERENCE:
 [*1] 4203(b) Complete Withdrawal.  Building & Construction Industry Exemption
4205(a)(1) Partial Withdrawals.  Contribution Decline
4205(a)(2) Partial Withdrawals.  Partial Cessation
>4205(b)(2)(A)>
>4208(d)(1)>

OPINION:

    This is in response to your letter requesting the opinion of the Pension Benefit Guaranty Corporation ("PBGC") regarding the interpretation of the special rule for partial withdrawals for certain employers and plans in the building and construction industry under section 4208(d)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1388(d)(1) (1988).

    A partial withdrawal occurs when an employer has a 70-percent contribution decline in each of three consecutive plan years. ERISA § 4205(a)(1), 29 U.S.C. § 1385. A partial withdrawal also will occur if an employer permanently ceases to have an obligation to contribute to a plan under one or more but fewer than all of the employer's collective bargaining agreements, but continues to perform covered work within the jurisdiction of the collective bargaining agreement, or transfers such work to another location. ERISA §§ 4205(a)(2)  [*2] and 4205(b)(2)(A)(i), 29 U.S.C § § 1385(a)(2), 1385(b)(2)(A)(i). Further, a partial withdrawal occurs if the employer permanently ceases to have an obligation to contribute to a plan for work performed at one or more but fewer than all of its facilities, and continues to perform that covered work at the facility. ERISA § 4205(b)(2)(A)(ii), 29 U.S.C. § 1385 (b)(2)(A)(ii).

    For employers and plans in the building and construction industry (as defined in ERISA § 4203(b), 29 U.S.C. § 1383(b)), section 4208(d)(1) makes an employer liable for a partial withdrawal only if the employer's obligation to contribute to the plan is continued for "no more than an insubstantial portion of its work in the craft and area jurisdiction of the collective bargaining agreement of the type for which contributions are required."

    In your hypothetical, one member of the controlled group ceases to have an obligation to contribute to the plan, but continues performing work of the type for which contributions had previously been required within the craft and area jurisdiction of the bargaining agreement. n1 You ask whether certain contribution thresholds constitute an "insubstantial portion" within the meaning  [*3]  of section 4208(d)(1). Specifically, you ask whether there is liability for a partial withdrawal where there is a 45-percent or 60-percent decline in contribution base units of a controlled group of trades or businesses within the building and construction industry.

    n1 For purposes of Title IV of ERISA, all trades or businesses under common control constitute a single employer. ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

    Your letter does not indicate whether both members of the controlled group operate in the craft and area jurisdiction of the same collective bargaining agreement. If they do not, the employer would incur liability for a partial withdrawal. This occurs because the controlled group member continues to work in the craft and area jurisdiction of the collective bargaining agreement for which contributions were previously required but has no obligation to contribute for such work. Thus, the employer's contribution obligation is necessarily for an "insubstantial portion" of that work.

    In contrast, further analysis is necessary to determine whether a partial withdrawal occurs where the two controlled group members operate within the same craft and area jurisdiction  [*4]  and only one member ceases to have an obligation to contribute to the plan. In such cases, a determination must be made as to whether the obligation to contribute is for more than an "insubstantial portion" of the employer's work.

    PBGC offers no opinion as to whether any given percentage of work constitutes an "insubstantial portion." Many provisions of ERISA contain specific numerical thresholds and tests governing withdrawal liability determinations. See,

e.g., ERISA § 4209(a), 29 U.S.C. § 1389(a) (allowing in certain multiemployer plans a reduction of unfunded vested benefits allocable to a particular employer by the lesser of 3/4 of 1-percent of the unfunded vested obligations or $ 50,000); ERISA § 4208(a)(1), 29 U.S.C. § 1308(a)(1) (reducing partial withdrawal liability for an employer who has been obligated to contribute at least 90-percent of the total contribution base units for the high base year for two consecutive plan years following partial withdrawal); ERISA § 4208(b), 29 U.S.C. § 1308(b) (reducing partial withdrawal liability for an employer who has been obligated for two consecutive plan years following partial withdrawal to contribute at least 30-percent of the [*5] total contribution base units for the high base year, where the total obligations to contribute for those two plan years are at least 90-percent of the contribution base units for the high base year). Congress did not specify a comparable numerical test in section 4208(d)(1). Accordingly, such fact-specific determinations are the responsibility of the plan sponsor. ERISA § 4202, 29 U.S.C. § 1382. Any dispute between the plan sponsor and the employer over the validity of that determination are to be resolved first through arbitration and then by district court review. ERISA § 4221, 29 U.S.C. § 1401.

As this office has consistently noted, PBGC will not interject itself into these procedures by issuing opinions on the application of the law to particular facts. PBGC Opinion Letter 94-3, 2 (1994); PBGC Opinion Letter 89-2, 2 (1989); PBGC Opinion Letter 88-8, 2 (1988); PBGC Opinion Letter 82-9, 1 (1982). We will, however, continue our practice of answering questions of general interpretation under Title IV of ERISA.

I hope that this has been of assistance to you. If you have any further questions, please contact [*6] Stanley M. Hecht at (202) 326-4125.

James J. Keightley

General Counsel