**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Sofco Erectors, Inc., : | |
| : | |
| Plaintiff, : | |
| : | Case No.: 2:19-cv-2238 |
| v. : | |
| : | Judge George C. Smith |
| Trustees of the Ohio Operating Engineers : | |
| Pension Fund and the Ohio Operating : | Magistrate Judge Kimberly A. Jolson |
| Engineers Pension Fund, : | |
| : | |
| Defendants. : | |

**DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION TO ENFORCE ARBITRATION AWARD**

Defendants/counterclaimants Trustees of the Ohio Operating Engineers Pension Fund and the Ohio Operating Engineers Pension Fund ("Defendants" or "the Fund") hereby reply in support of their Motion to Enforce Arbitration Award [Doc. 15].  For the reasons set forth below, Defendants' Motion to Enforce Arbitration Award must be granted, and Plaintiff Sofco Erectors, Inc. ("Sofco")'s motion to vacate the award [Doc. 17] must be denied.

Defendants first note that Sofco's response brief consists of two pages and addresses a single issue—the standard of review the Court should apply to the facts upon which the Arbitrator relied.  This limited response is curious given Sofco's heavy burden in seeking to vacate an arbitration award.  *See* Doc. 15 at 4–5; Doc. 20 at 3–4 (citing *Sherwin-Williams Co. v. New York State Teamsters Conf. Pension & Retirement Fund*, 158 F.3d 387, 392 (6th Cir. 1998) ("The judicial review provided pursuant to § 1401(b)(2) is extremely narrow, because in any proceeding under subsection (b) . . . there shall be a *presumption, rebuttable only by a clear preponderance of the evidence*, that the findings of fact made by the arbitrator were correct.  29 U.S.C. § 1401(c).  Moreover, reviewing courts must give great deference to an arbitrator's determination because of

the MPPAA's strong policy favoring arbitration of withdrawal liability disputes.") (emphasis in original)).

Even more curious, however, is the single argument Sofco advances. Sofco alleges that because the facts were undisputed before the Arbitrator, the Court should review the Arbitrator's entire decision de novo. This position is illogical, and Sofco cites no authority in support thereof. If the underlying facts are undisputed, the Court need not review the underlying facts at all—even under a clear error standard—and must simply accept and apply the facts upon which the Arbitrator relied. Applying de novo review to undisputed factual findings is nonsensical. It is also inconsistent with the statutory limitations on review of MPPAA arbitration decisions, which counsel in favor of very limited review. *See Sherwin-Williams Co.*, 158 F.3d at 392 (noting judicial review of MPPAA arbitration decisions is "extremely narrow").

Moreover, Sofco has waived its right to any review of the facts. *See R.H. Cochran & Assocs. v. Sheet Metal Workers Int'l Ass'n Local Union No. 33*, 335 F. App'x. 516, 522 (6th Cir. 2009) ("This Court has recognized that in a motion to vacate an arbitration award, arguments not raised before the arbitrator are waived.") (Clay, J., dissenting) (citing *Order of Ry. Conductors and Brakemen v. Clinchfield R. Co.,* 407 F.2d 985, 988 (6th Cir. 1969)); *Armco Emps. Indep. Fed'n, Inc. v. AK Steel Corp.*, 149 F. App'x 347, 352 (6th Cir. 2005) ("Generally, arguments not presented to an arbitrator are deemed waived and cannot be raised for the first time in an enforcement action in district court."). Sofco chose not to dispute the facts before the Arbitrator. In its response to the Fund's motion for summary judgment before the Arbitrator, Sofco stated: "For the purposes of efficiency, Sofco will not restate the undisputed facts, which were set forth in its Memorandum in Support of its Motion for Summary Judgment. ***To the extent the Fund alleges certain facts not included in Sofco's Memorandum, most are immaterial***." Doc. 12-9 p.

2

2, PageID #2605.  Sofco had the opportunity to dispute the facts before the Arbitrator, and chose to forego that opportunity.  The Arbitrator thus identified the relevant facts, and applied them in reaching his decision on the merits.  *See* Doc. 1-1; Doc. 20 at 5–6.  Here, the Court must simply apply the facts as the Arbitrator did.  *See, e.g.*, *Catholic Health Initiatives of Colo. v. Communications Workers of Am.*, No. 09-cv-1642, 2010 U.S. Dist. LEXIS 32190, at *12 (D. Col. March 31, 2010) ("In this case, there are no genuine issues of material fact.  Accordingly, my task is to review the arbitration award in light of the undisputed facts to determine if grounds exist to vacate that award.")

Sofco's position is also undermined by the MPPAA, which does not provide for de novo review of an arbitrator's factual findings.  29 U.S.C. § 1401(c) ("In any proceeding under subsection (b), there shall be a presumption, rebuttable only by a clear preponderance of the evidence, that the findings of fact made by the arbitrator were correct."); *see also Sherwin-Williams Co.*, 158 F.3d at 392.  As a result, the Court must either accept the facts as the Arbitrator applied them because they are undisputed (as Sofco argues they are), or review them for clear error.  As there were no clear errors, *see* Doc. 20 at 5–6, the outcome is the same under either approach.[1]

For these reasons, Defendants' Motion to Enforce Arbitration Award must be granted, and Sofco's motion to vacate the award must be denied.

---

[1] The Fund notes that to any extent the Court identifies mixed questions of fact and law, the Arbitrator's findings on such questions are reviewed for clear error.  *See New York Times Co. v. Newspaper & Mail Deliverers'-Publishers' Pension Fund*, 303 F. Supp. 3d 236, 255 (S.D.N.Y. 2018) (reviewing mixed question of fact and law for clear error in review of MPPAA arbitration decision); *666 Drug, Inc. v. Tr. of 1199 SEIU Health Care Emples. Pension Fund*, No. 12-cv-1251, 2013 U.S. Dist. LEXIS 112506, at *13 (S.D.N.Y. Aug. 8, 2013) ("However, the Court is persuaded that, in MPPAA cases, mixed questions of law and fact are reviewed for clear error.").  The Court only reviews pure questions of law de novo, and here the applicable legal standards are undisputed.

Respectfully submitted,

s/ Daniel J. Clark
Daniel J. Clark, Trial Attorney (0075125)
Allen S. Kinzer (0040237)
Oliver Frey (0098479)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Tel.:  (614) 464-6436
Fax:  (614) 719-4650
Email: djclark@vorys.com

*Attorneys for Defendants*

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing, *Defendants' Reply in Support of Motion to Enforce Arbitration Award*, was filed via the Court's Electronic filing system on March 13, 2020.  Service will be made by operation of that system upon Counsel for Plaintiff:

Gary L. Greenberg
Mark B. Gerano
Jackson Lewis P.C.
201 E. Fifth St., 26th Floor
Cincinnati, Ohio 45202

*s/Daniel J. Clark*
Daniel J. Clark