IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SOFCO ERECTORS, INC.,** : | |
| : | |
| **Plaintiff,** : | |
| : | CASE NO. 2:19-cv-2238 |
| v. : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| : | **MAGISTRATE JUDGE JOLSON** |
| **TRUSTEES OF THE OHIO OPERATING** : | |
| **ENGINEERS PENSION FUND,** *et al.*, : | |
| : | |
| **Defendant.** : | |

## OPINION & ORDER

This matter comes before the Court on the Defendants' unopposed Motion for Stay Pending Appeal ("Motion"). (ECF No. 34). The Defendants seek a stay as of right under Rule 62(b) and have posted a bond in the amount of $713,927.28. For the reasons set forth below, Defendants' Motion is **GRANTED**.

## I. BACKGROUND

This case arises out of the decision of an arbitrator, which required Plaintiff Sofco Erectors, Inc. to pay withdrawal liability to a union employee benefit plan after the Plaintiff terminated its relationship with International Union of Operating Engineers, Local 18 ("Local 18") in 2017. Sofco filed a complaint against Defendants Trustees, Ohio Operating Engineers Pension Fund ("Trustees") and Ohio Operating Engineers Pension Fund ("Fund"), seeking to vacate the arbitrator's award and for a court order for the Fund to refund to Sofco all withdrawal liability payments, with interest. (ECF No. 1). The Defendants then moved to enforce the arbitration award, arguing that the Arbitrator properly found for the Defendants as to Sofco's complete withdrawal liability, Sofco's partial withdrawal liability, and the amount of complete and partial withdrawal liability. (ECF Nos. 15 and 16). The Plaintiff then filed a motion for summary judgment, arguing

1

that it was not obligated to contribute to the Fund for forklift work and shop work performed by Local 18, so the imposition of withdrawal liability was improper. (ECF No. 17). Plaintiff further challenged the Fund's use of the "Segal Blend" interest rate in computing the withdrawal liability amount. (*Id.*).

In May 2020, this Court granted partial summary judgment to Sofco, finding that the Fund was obligated to make contributions for forklift work, but not for shop work, and also found that the Fund's use of the Segal Blend interest rate was unreasonable. (ECF No. 29). This Court found that the Fund was required to refund Sofco the money paid for withdrawal liability with respect to the shop work, including interest. (*Id.*). This Court then granted the Defendants' Motion to Enforce the Arbitration Award as to all other aspects of the award. (*Id.*). As part of the Opinion and Order, the Fund was ordered to provide Sofco with a detailed accounting of the refund due within thirty days. (*Id.*). The refund was then due to Sofco by July 31, 2020, as some time was provided to resolve disagreements over accounting. (*Id.*).

On June 15, 2020, the Defendants filed a notice of appeal with this Court as to its May 2020 Opinion and Order and corresponding judgment. (ECF No. 31). Several days later, Sofco also filed a notice of cross-appeal. (ECF No. 32). On July 2, 2020, the Defendants filed the Motion to Stay Judgment Pending Appeal, which included an accounting of the amount due to Plaintiff under the Court's opinion. (ECF Nos. 34 and 34-1). On July 31, 2020, the Defendant filed notice that it had posted an appeal bond equivalent to the amount due to Plaintiff. (ECF No. 35). The Plaintiff does not contest the accounting of the amount due, the Motion to Stay Judgment Pending Appeal, or the amount of bond posted. The appeal remains pending before the U.S. Court of Appeals for the Sixth Circuit and oral argument was held on January 29, 2021.

## II. LAW & ANALYSIS

Federal Rule of Civil Procedure 62 governs when proceedings to enforce a judgment shall be stayed. Rule 62(b) provides that: "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." A party appealing a decision by a federal district court "is entitled to a stay of a money judgment as a matter of right if he posts bond." *Am. Mfrs. Mut. Ins. Co. v. Am. Broad-Paramount Theaters, Inc.*, 87 S. Ct. 1, 3 (1966). Rule 62(b) protects both parties' interests, as it ensures that the prevailing party will recover in full if the decision is affirmed, while protecting the other side against a risk that it will not be able to recover any payment made in the event a decision is reversed. *See Maxum Indem. Co. v. Drive W. Ins. Servs., Inc.*, No. 1:13-cv-191, 2019 WL 340107, at *1 (S.D. Ohio Jan. 28, 2019) (quoting *Exel, Inc. v. S. Refrigerated Transp., Inc.*, No. 2:10-cv-994, 2014 WL 6901765, at *1 (S.D. Ohio Dec. 5, 2014), *summary judgment order vacated and remanded*, 807 F.3d 140 (6th Cir. 2015)). A district court cannot deny the stay itself, but has discretion to fix the amount of the bond or waive the bond requirement. *Id.* (quoting *Buckhorn Inc. v. Orbis Corp.*, No. 3:08-cv-459, 2014 WL 4377811, at *1 (S.D. Ohio Sept. 3, 2014)). As a rule, a full bond "should almost always be required." *Id.*

In issuing its original Opinion and Order, this Court required the Defendants to provide a detailed accounting of the refund due by June 19, 2020. (ECF No. 29). Defendants have complied with that deadline and report that their actuary has calculated the amount due to be $713,927.28, inclusive of interest. (ECF Nos. 34 and 34-1). On July 31, 2020, the Defendants notified the Court that they had filed a supersedeas bond equivalent to the amount due to the Plaintiff. (ECF Nos. 35 and 35-1). In September 2020, the Defendants filed notice of an amended bond, "[a]t Plaintiff's

3

request." (ECF Nos. 36 and 36-1). Plaintiff has filed no opposition to Defendants' Motion and do not contest that the posting of a supersedeas bond in the amount of the judgment is appropriate. Given that the Plaintiff does not oppose either Defendants' calculation of the amount due or Defendants' posting of a supersedeas bond in that amount under Rule 62(b), this Court finds the bond amount to be appropriate. As Defendants have posted supersedeas bond and provided notice to this Court, they are entitled to a stay of enforcement of the judgment under Rule 62(b) during the pendency of the appeal.

### III. CONCLUSION

For the reasons discussed above, Defendants' Motion for Stay of Judgment Pending Appeal (ECF No. 34) is **GRANTED** and this Court's Judgment entered on May 19, 2020 (ECF No. 30) is hereby **STAYED** pending resolution of Defendants' appeal.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 8, 2021**