IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SOFCO ERECTORS, INC.,** : | |
| : | |
| Plaintiff, : | |
| : | CASE NO. 2:19-cv-2238 |
| v. : | CHIEF JUDGE ALGENON L. MARBLEY |
| : | MAGISTRATE JUDGE JOLSON |
| **TRUSTEES OF THE OHIO OPERATING** : | |
| **ENGINEERS PENSION FUND,** *et al.*, : | |
| : | |
| Defendant. : | |

## ORDER

On September 28, 2021, the United States Court of Appeals for the Sixth Circuit issued an Opinion vacating a portion of this Court's Opinion and Order (ECF No. 29) upholding Defendant the Ohio Operating Engineers Pension Fund's ("the Fund") assessment of partial-withdrawal liability and remanding for further proceedings.[1] (*See* ECF No. 38 at 15–22).

The Circuit Court found that because the Multiemployer Pension Plan Amendments Act's ("MPPAA") presumption in favor of an arbitrator's findings (*see* 29 U.S.C. § 1401(c)) only applies to questions of fact, and whether particular percentages fall within 29 U.S.C. § 1388(d)(1)'s definition of an "insubstantial portion" is a question of law, this Court's reliance on the aforementioned presumption was in error. (ECF No. 38 at 19). Accordingly, the Circuit Court vacated that portion of this Court's ruling and remanded for further briefing on this issue. (*Id*. at 22). Along with that directive, the Circuit Court suggested "that input from the [Pension Benefit

---

[1] The Circuit also affirmed this Court's holdings regarding the use of the Segal Blend, the inclusion forklift work in the withdrawal liability calculation, successor liability and attorney's fees. (*See generally* ECF No. 38). Meanwhile, the Circuit reversed this Court's decision to vacates the arbitrator's determination that Plaintiff is liable for shop work. (*Id*. at 25–26).

1

Guaranty Corporation], the agency tasked with administering this portion of the statute, . . . would also assist the district court[,]" in resolving this remaining issue. (*Id*. at 22, note 7).

On October 13, 2021, this Court held a status conference with the parties to discuss the best path forward in briefing this remaining issue. (ECF No. 40). During that conference, the parties agreed on simultaneous motions addressing the following issues:

1. The meaning and effect of 29 U.S.C. § 1388(d)(1)'s "insubstantial portion" language; and

2. Whether Congress or the Pension Benefit Guaranty Corporation ("PBGC") delegated to the individual pension funds the "statutory discretion" to decide whether a construction employer's contributions have satisfied the "insubstantial portion" standard.

The parties are **ORDERED** to submit their respective opening briefs **on or before November 24, 2021**, with **replies due by December 8, 2021**. Furthermore, in line with the Sixth Circuit's guidance regarding input from the PBGC, this Court **DIRECTS** PBGC, through its representatives, to submit an *amicus* brief on the aforementioned issues. The Court will send a copy of this Order to the following PBGC representatives, as identified by Defendant's counsel:

> John Holland Ginsberg
> **Pension Benefit Guaranty Corporation | Office of the General Counsel**
> 1200 K Street, N.W., Rm. 3425
> Washington, D.C. 20005-4025
> (202) 229-3714
> Ginsberg.John@pbgc.gov

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  October 15, 2021**